IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>vs.<br>RYAN SCOT FRANKFORTER,<br>Defendant/Movant. | Cause No. CV 26-83-H-SPW<br><br>ORDER |

This matter is before the Court on Defendant/Movant Ryan Scot Frankforter's ("Frankforter") petition for writ of error coram nobis, pursuant to 28 U.S.C. § 1651. (Doc. 1.) Frankforter is proceeding pro se.

**Background**

Frankforter was originally charged with Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, and Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See, USA v. Jayne et al.*, CR-15-11-H-CCL, Indictment (Doc. 1.) In June of 2016, Judge Lovell sentenced Frankforter to the Bureau of Prisons for a term of 30 months, to be followed by 3 years of supervised release. *See*, Judg. (Doc. 198.) Frankforter's supervised release was revoked several times. Following a final

revocation hearing on November 17, 2020, Frankforter was ordered to serve a term of imprisonment of 24 months, with no supervised release to follow. *See*, Judg. on Rev. (Doc. 364.) Frankforter was released from federal custody in March of 2022.

On June 24, 2026, Frankforter was indicted on new federal drug charges; that matter is currently pending. *See, United States v. Frankforter*, Cause No. CR-26-25-BU-WWM.

Frankforter previously filed a motion to vacate and/or modify his sentence in the closed matter. *See, Frankforter v. USA*, CV-26-69-H-BMM, Mot. (filed Oct. 22, 2026.) There, Frankforter generally alleged that this Court lacked jurisdiction and, accordingly, his conviction should be vacated, and he believed he was entitled to compensation. (*Id.* at 3-4.) Chief Judge Morris construed the filing as a motion pursuant to 28 U.S.C. § 2255. Setting aside procedural hurdles, Judge Morris determined that Frankforter could not proceed under the federal habeas statutes as he was not "in custody" for the conviction he sought to challenge at the time the motion was filed. *Frankforter v. USA*, CV-26-69-H-BMM, Ord. at 2-3 (D. Mont. Oct. 23, 2026.) Accordingly, this Court lacked jurisdiction to hear Frankforter's claims and the matter was dismissed. (*Id.* at 3-4.)

Frankforter now seeks an order from this Court vacating and striking the 2016 conviction. Again, he argues that the conviction is "completely void because the Court lacked constitutional and statutory subject matter jurisdiction over the

criminal proceedings." (Doc. 1 at 1.)

**Analysis**

Pursuant to 28 U.S.C. §1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651. A writ of error coram nobis "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Kwan*, 407 F. 3d 1005, 1009 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 356, 370 (2010). However, a writ of error coram nobis is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F. 3d 1003, 1005 (9th Cir. 2007). The writ is "used only to review errors of the most fundamental character." *Matus-Leva v. United States*, 287 F. 3d 758, 760 (9th Cir. 2002).

To qualify for a writ of error coram nobis, the petitioner must show "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F. 2d 591, 604 (9th Cir. 1987); *see also Kwan*, 407 F. 3d at 1011. "Because these requirements are

conjunctive, failure to meet any one of them is fatal." *Matus-Leva*, 287 F. 3d at 760.

Frankforter asserts that he has met the criteria and qualifies for extraordinary coram nobis relief. (Doc. 1 at 2.) As to the first factor, Frankforter states that a more usual remedy is not available as he has fully completed and discharged his sentence. (*Id.*) While it is true that he is no longer serving his term of supervised release and no longer in "custody," making a remedy under §2255 unavailable to him, Frankforter did not attempt to file a §2255 motion until 2026. Further, this attempt only came about once Frankforter found himself back in federal custody on new drug charges. Between 2016 and October of 2026, there was a remedy available to Frankforter that he chose not to pursue. Thus, it does not appear that Frankforter meets the first requirement for a writ of error coram nobis.

As to the second requirement, a petition for a writ of error coram nobis is not subject to a specific statute of limitations. *See, United States v. Morgan*, 346 U.S. 502, 507 (1954). "In lieu of a specific statute of limitations, courts have required coram nobis petitioners to provide valid or sound reasons explaining why they did not seek to attack their sentences or convictions earlier." *Kwan*, 407 F. 3d at 1012; see also Riedl, 496 F. 3d at 1007. In *Riedl*, coram nobis was denied after the defendant waited more than six years after conviction to file a petition; it was determined that Riedl had not exercised due diligence. *Riedl*, 496 F. 3d at 1007.

In *United Staes v. Njai*, the Circuit affirmed denial of coram nobis relief where the defendant waited more than four years after conviction and offered no valid reason for the delay. *Njai*, 312 Fed. App'x. 953, 954 (9th Cir. 2009). Courts have also denied coram nobis relief where a petition was found to have been untimely and there were "no sound reasons" for the delay. *See, Maghe v. United States*, 710 F. 2d 503, 503-04 (9th Cir. 1983); *Klein v. United States*, 880 F. 2d 250, 254 (10th Cir. 1989).

Frankforter could have raised his jurisdictional challenge at any time in the decade following entry of his underlying judgment of conviction. Frankforter provides no explanation for his delay in filing. *See*, (Doc. 1 at 2-5.) Even after his release from supervision in 2022, Frankforter waited another four and a half years before filing in this Court. Frankforter offers no valid reason for the delay. *See, Njai*, 312 Fed. App'x. at 954.

The Court finds Frankforter did not act with the requisite diligence and, thus, fails to meet the second requirement for coram nobis relief. Because the failure to meet any one of the four requirements for coram nobis relief is fatal to a petition, *Matus-Leva*, 287 F. 3d at 760, the Court does not analyze whether the error Frankforter alleges is fundamental or if adverse consequences exist from Frankforter's conviction that are sufficient to satisfy the case or controversy requirement. Frankforter's petition for a writ of error coram nobis will be denied.

He should refrain from further challenges to this expired conviction.

IT IS ORDERED that Frankforter's petition for a writ of error coram nobis (Doc. 1) is DENIED.

DATED this 23rd day of November, 2026.

Susan P. Watters
Susan P. Watters
United States District Court